STATE OF TENNESSEE

# Office of the Attorney General

**Jonathan Skrmetti**
**Attorney General and Reporter**

P.O. Box 20207
Nashville, TN 37202
Telephone: (615) 741-3491
Facsimile: (615) 741-2009

July 10, 2024

Kelly L. Stephens, Clerk
United States Court of Appeals for the Sixth Circuit
Potter Stewart U.S. Courthouse
100 East Fifth Street, Room 540
Cincinnati, Ohio 45202-3988

**Re: Emergency Motion for Partial Stay in *Tennessee v. Cardona*, Case No. 24-5588**

Dear Ms. Stephens,

As Defendants' notice provides, *see* Dkt. 31, the district court today denied Defendants' motion for a partial stay. That Decision supports denial of Defendants' pending stay motion here.

*First*, the Decision (at 4-21) concludes that Defendants have not made a "strong showing" that the injunction is overbroad given its "findings" and Sixth Circuit precedent. The Decision (at 4-12) rejects Defendants' effort to maintain § 106.10 as "ignor[ing] entirely the plaintiffs' underlying arguments," including that the provision's "sweeping" expansion of "sex discrimination" itself "necessitates changes" that will irreparably harm schools. *Id.* at 5, 12; *e.g.*, R.92-1, PageID#1848-50 (increased investigations). The Decision also rejects Defendants' newfound argument that § 106.10 does not even "address" use of sex-segregated facilities, Reply 7, since requiring use of facilities consistent with gender identity is a "necessary result of adopting *Bostock*'s but-for test" in § 106.10. Decision 8; States' Opp'n 14-15. The Rule agrees: It deemed § 106.31 an "*example*[] of prohibited sex discrimination" under § 106.10 that helps "clarify" § 106.10's scope. 89 Fed. Reg. at 33,528 (emphasis added).

Otherwise, the Decision (at 12-19) reasons that the injunction properly reflects the Rule's "procedural defects," § 106.2's many constitutional problems, and the reality that recipients' "new duties" under the Rule "hinge on" the Rule's "new understanding of sex discrimination." *See* States' Opp'n 9-12, 17-18. And the Decision (at 20-21) rejects partial severability since the "interconnectedness" of the Rule's defects means they cannot "be severed as a discrete, isolated provision" and

even "attempting" severance would leave an "incoherent regulatory framework." *See* States' Opp'n 9-12.

*Second*, the Decision (at 21-23) notes that Defendants' asserted harms lack "evidence or support," *id.* at 22, and that "existing regulations" will continue to protect against discrimination, *id.* at 23; States' Opp'n 21-23.

*Third*, the Decision (at 23-26) concludes that the equities "clearly favor[]" denying a partial stay, which would cause (i) "well established" "harms to schools" in the form of "time and money" and "substantial administrative and operational challenges"; (ii) schools' "inconsistent enforcement" and "additional litigation risks"; and (iii) "infringement" of constitutional rights. *See* States' Opp'n 19-21.

    Respectfully submitted,

    */s/ Whitney D. Hermandorfer*
    Whitney D. Hermandorfer

cc: Counsel of Record (via ECF)