

July 11, 2024

Kelly L. Stephens, Clerk
United States Court of Appeals for the Sixth Circuit
Potter Stewart U.S. Courthouse
100 East Fifth Street, Room 540
Cincinnati, OH 45202-3988

Re:   Emergency Motion for Partial Stay in *Tennessee v. Cardona*, No. 24-5588

Dear Ms. Stephens,

As the Department's notice provides, *see* Dkt. 31, the district court below denied its emergency motion for a partial stay. That order supports denying the Department's emergency motion for partial stay pending before this Court.

First, the order rejected that *Bostock v. Clayton County*, 590 U.S. 644 (2020), supported the Department's redefinition of sex discrimination in 34 C.F.R. § 106.10—holding this position "is entirely irreconcilable with" Title IX's "text and purpose." Order at 5; *see id.* at 5–9. This change exceeds agency power. *Id.* at 10.

Second, this change informs and pervades the entire rule. For example, application of the new grievance procedures turns on how sex discrimination is defined "and the applicability of *Bostock*." *Id.* at 14. Same for new provisions covering Title IX coordinators and access to lactation spaces. *Id.* at 11, 14, 17. The rule's redefinition of "hostile environment harassment" also threatens more than just speech on gender identity. *Id.* at 13–14. Using correct pronouns and honorifics, for example, may be considered sex-stereotyping harassment. *Id.* at 14. The rule is a unit.

Third, the order held that severance was unwarranted. Given the rule's "interconnectedness," *id.* at 21, the court refused "to scour" over 400 pages of text and "make sweeping cuts" that would exceed its power, *id.* at 15. The court's injunction was necessary to preserve the status quo and prevent irreparable harm. *Id.* at 25.

The order said a partial rollout would irreparably harm states, teachers, students, and the public. *Id.* at 23–26. It would impose heavy administrative burdens, forcing schools to "comply with some provisions," not knowing how those provisions should be interpreted. *Id.* at 24. And if the Department wins this suit, the schools must pay for changes *at least* twice. *Id.* Meanwhile, the rollout would also compel and

chill speech. *Id.* at 24–25. As shown above, teachers and students would self-censor or risk penalties if they simply express what they believe. *Id.* at 14, 25.

      This Court should likewise preserve the status quo and prevent needless harm. We ask this Court to deny the Department's motion for stay.

Sincerely,

/s/ John J. Bursch
John J. Bursch

cc: Counsel of Record (via ECF)