**No. 24-5588**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

STATE OF TENNESSEE, et al.,

          Plaintiffs-Appellees,

CHRISTIAN EDUCATORS ASSOCIATION INTERNATIONAL;
A.C., by her next friend and mother Next Friend, Abigail Cross,

          Intervenors-Plaintiffs-Appellees,

v.

MIGUEL CARDONA, in his official capacity as Secretary of Education, et al.,

          Defendants-Appellants.

On Appeal from the United States District Court for the Eastern District of Kentucky

## SUPPLEMENTAL BRIEF IN SUPPORT
## OF EMERGENCY MOTION FOR A PARTIAL STAY

*Of Counsel*:

LISA BROWN
   *General Counsel*
   *U.S. Department of Education*

BRIAN M. BOYNTON
   *Principal Deputy Assistant Attorney General*

MELISSA N. PATTERSON
STEPHANIE R. MARCUS
JACK STARCHER
DAVID L. PETERS
STEVEN A. MYERS
   *Attorneys, Appellate Staff*
   *Civil Division, Room 7232*
   *U.S. Department of Justice*
   *950 Pennsylvania Avenue NW*
   *Washington, DC 20530*
   *(202) 305-1754*

## TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................................1

I. Question One: If The Identified Provisions Remained Enjoined Pending Appeal, All Remaining Provisions Can And Should Take Effect. ..........1

II. Question Two: The Remaining Provisions Of The Rule Effect Numerous Important Changes To Title IX's Regulations. .....................................4

CONCLUSION .....................................................................................................8

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

## INTRODUCTION

Defendants respectfully submit the following supplemental brief in response to the Court's order of July 11, 2024. As set out below, even if the Court were to leave the injunction in place with respect to § 106.10, § 106.31(a), and § 106.2's definition of "hostile environment harassment," the remainder of the Rule can—and therefore should—continue to operate without those provisions. The remainder of the Rule makes numerous important and unrelated amendments to existing regulations, and those provisions have not been challenged in this litigation. Thus, while the government maintains that this Court should stay the injunction as to § 106.10 and the definition of hostile environment harassment in § 106.2 other than as applied to alleged gender identity discrimination, at an absolute minimum there is no basis for leaving enjoined more than the three provisions specifically identified in the Court's order.

## I. Question One: If The Identified Provisions Remained Enjoined Pending Appeal, All Remaining Provisions Can And Should Take Effect.

On June 17, 2024, the district court entered a preliminary injunction barring enforcement of the entire Rule within the plaintiff States. Mem. Op. & Order, RE 100, Page ID # 1996-2088. Defendants then asked this Court to stay that injunction to the extent that it extends beyond the following 2024 Rule provisions: (i) 34 C.F.R. § 106.31(a)(2), and (ii) 34 C.F.R. § 106.2's definition of "hostile environment

harassment" as applied to discrimination on the basis of gender identity. *See* Dkt. 19 (Mot.) at 21-22.

Defendants maintain that this Court should stay the injunction as to § 106.10—both because plaintiffs have not identified any harm that they would suffer as a result of Section 106.10's recognition that discrimination on the basis of gender identity is a form of sex discrimination under Title IX and because that provision faithfully applies the Supreme Court's reasoning in *Bostock v. Clayton County*, 590 U.S. 644 (2020). *See* Mot. 14-19. Either of those reasons alone supports defendants' requested relief as to § 106.10. The Court should also stay the injunction as to § 106.2's definition of hostile environment harassment other than as applied to discrimination on the basis of gender identity, as plaintiffs' claims focused on that definition's application to the use of gendered pronouns, salutations, and other speech relating to gender identity. *See id.* at 19-20.

The Court's supplemental briefing order nevertheless contemplates a scenario in which the government's motion is denied as to § 106.10, § 106.31(a), and § 106.2's definition of "hostile environment harassment," as well as any other provisions that "intersect" with the identified provisions. As set out in the government's motion for a partial stay, however, the pertinent question for severability purposes is whether the agency would have intended the unchallenged provisions to remain effective even if the entire rule could not. *See* Mot. 13. Unsurprisingly, sex discrimination, the scope of which is described in § 106.10, is referenced in or relevant to numerous other

provisions of the Rule. *See, e.g.*, 89 Fed. Reg. 33,474, 33,886 (Apr. 29, 2024) (to be codified at 34 C.F.R. § 106.8(d)(1)(ii)) (requiring employees to be trained on the "scope of conduct that constitutes sex discrimination under Title IX and this part"); *id.* at 33,888 (to be codified at 34 C.F.R. § 106.44(a)(1)) (requiring a recipient to "respond promptly and effectively" when it has "knowledge of conduct that reasonably may constitute sex discrimination"). If § 106.10 remained enjoined, the Department would not rely on that provision in enforcing the remainder of the Rule—but it could enforce the remaining provisions without relying on § 106.10, just as it has long enforced prior regulatory provisions that refer to sex discrimination.[1] As defendants have explained, there is no reason why recipients could not conduct training on sex discrimination, maintain records about sex discrimination, respond to sex discrimination, or conduct grievance procedures concerning allegations of sex discrimination if the newly-added § 106.10 remained enjoined pending appeal.

A similar analysis applies to § 106.2's definition of hostile environment harassment. That specific definition is referenced in one other provision of the Rule, which provides that a "recipient has an obligation to address a sex-based hostile environment under its education program or activity, even when some conduct

---

[1] Defendants' pre-Rule understanding of what constitutes discrimination "on the basis of sex" is the subject of separate litigation. *See, e.g.*, *Tennessee v. Dep't of Educ.*, 104 F.4th 577 (6th Cir. 2024); *Texas v. Cardona*, --- F. Supp. 3d ---, 2024 WL 2947022 (N.D. Tex. June 11, 2024). Defendants would, of course, comply with all court orders governing its enforcement of its pre-Rule understanding if this Court were to issue an injunction barring enforcement of § 106.10.

3

alleged to be contributing to the hostile environment occurred outside the recipient's education program or activity or outside the United States." 89 Fed. Reg. at 33,886 (to be codified at 34 C.F.R. § 106.11). Once again, there is no reason why that provision—which addresses the locations where conduct contributing to a hostile environment under a recipient's program or activity may occur—could not function even if the Rule's definition of such harassment were enjoined and the Department had to apply the 2020 definition. *See* 34 C.F.R. § 106.30 (2020 version) (defining such harassment as "[u]nwelcome conduct determined by a reasonable person to be so severe, pervasive, and objectively offensive that it effectively denies a person equal access to the recipient's education program or activity").[2]

## II. Question Two: The Remaining Provisions Of The Rule Effect Numerous Important Changes To Title IX's Regulations.

The Court's second question concerns the extent to which the remainder of the Rule makes changes to existing Title IX regulations. The simple answer is that the remainder of the Rule does so to a significant extent, revising requirements relating to recipients' responses to sex discrimination, grievance procedures for allegations of sex discrimination, reasonable modifications for students who are pregnant or have

---

[2] The Court's order also contemplates a scenario in which the government's partial stay motion were denied as to all of § 106.31(a). The government acknowledged that, under its proposed partial stay, § 106.31(a)(2) would remain enjoined pending appeal. To the extent that the Court intended to inquire about a scenario in which all of § 106.31(a) remained enjoined, it bears emphasis that similar language to that appearing in § 106.31(a)(1) and (3), *see* 89 Fed. Reg. at 33,887, appears in the current form of 34 C.F.R. § 106.31(a) and (b) (2020 version).

related conditions, lactation space for students and employees, and many other topics that are both important and unrelated to issues of gender identity. *See generally* Summary of Major Provisions of the Department of Education's 2024 Title IX Final Rule, https://perma.cc/S58P-ZKGW. The following examples illustrate the point but are not intended to be exhaustive:

- The Rule requires "prompt and effective" action by "a recipient with knowledge of conduct that reasonably may constitute sex discrimination in its education program or activity." 89 Fed. Reg. at 33,888 (to be codified at 34 C.F.R. § 106.44(a)). In contrast, existing regulations provide only that a recipient "must respond promptly in a manner that is not deliberately indifferent," and only when it has "actual knowledge." 34 C.F.R. § 106.44(a) (2020 version).

- The Rule clarifies the application of the statute by providing that a "recipient has an obligation to address a sex-based hostile environment under its education program or activity, even when some conduct alleged to be contributing to the hostile environment occurred outside the recipient's education program or activity or outside the United States." 89 Fed. Reg. at 33,886 (to be codified at 34 C.F.R. § 106.11). In contrast, existing regulations do not address a recipient's obligation to address a sex-based hostile environment under its education program or activity when some conduct alleged to be contributing to the hostile environment occurred outside the recipient's education program or outside the United States and only address a

5

recipient's obligation to respond to "sexual harassment in an education program or activity of the recipient against a person in the United States," 34 C.F.R. § 106.44(a) (2020 version).

- The Rule makes clear that recipients must make reasonable modifications to their policies, practices, or procedures to prevent sex discrimination against lactating or pregnant students. 89 Fed. Reg. at 33,887 (to be codified at 34 C.F.R. § 106.40(b)(3)(ii)). It further requires recipients to provide lactating students and employees access to a lactation space, and employees reasonable break time to express breast milk or breastfeed. *Id.* at 33,888 (to be codified at 34 C.F.R. § 106.40(b)(3)(v)); *id.* at 33,896 (to be codified at 34 C.F.R. § 106.57(e)). Existing regulations include no such express requirements.

- The Rule revises requirements for grievance procedures by expanding them to cover all complaints of sex discrimination and by granting recipients more flexibility to design procedures that work for their communities. *See* 89 Fed. Reg. at 33,891-93 (to be codified at 34 C.F.R. § 106.45) (grievance procedures for all sex discrimination complaints); *id.* at 33,893-95 (to be codified at 34 C.F.R. § 106.46) (grievance procedures concerning sex-based harassment involving students at postsecondary institutions). For example, the Rule gives schools the option to provide live questioning through either a live hearing or individual meetings, *see* 89 Fed. Reg. at 33,894-95 (to be codified at 34 C.F.R. § 106.46(f)), to use either the

preponderance of the evidence standard or the clear and convincing evidence standard, if the latter standard is used in all comparable proceedings, 89 Fed. Reg. at 33,893 (to be codified at 34 C.F.R. § 106.45(h)(1)), and to choose whether or not to use the "single-investigator model" (in which the decisionmaker and the investigator are the same person), 89 Fed. Reg. at 33,891 (to be codified at 34 C.F.R. § 106.45(b)(2)).  All of these provisions depart from the existing regulations on grievance procedures for formal complaints of sexual harassment.  *Cf.* 34 C.F.R. § 106.45(b)(6) (2020 version) (requiring postsecondary institutions to provide for live hearings with cross-examination); *id.* § 106.45(b)(1)(vii) (2020 version) (requiring schools to apply the same standard of proof "for formal complaints against students as for formal complaints against employees, including faculty"); *id.* § 106.45(b)(7) (2020 version) (providing that the decisionmaker "cannot be the same person as the Title IX Coordinator or the investigator(s)").

## CONCLUSION

The preliminary injunction should be stayed to the extent it extends beyond the following 2024 Rule provisions: (i) 34 C.F.R. § 106.31(a)(2), and (ii) 34 C.F.R. § 106.2's definition of "hostile environment harassment" as applied to discrimination on the basis of gender identity. The Department respectfully requests a decision as soon as possible so that the Solicitor General may, if necessary, consider whether to seek relief from the Supreme Court in advance of the Rule's effective date of August 1, 2024.

Respectfully submitted,

*Of Counsel:*
LISA BROWN
    *General Counsel*
    *U.S. Department of Education*

BRIAN M. BOYNTON
    *Principal Deputy Assistant Attorney General*

MELISSA N. PATTERSON
STEPHANIE R. MARCUS
JACK E. STARCHER
DAVID L. PETERS
*/s/ Steven A. Myers*
STEVEN A. MYERS

    *Attorneys, Appellate Staff*
    *Civil Division, Room 7232*
    *U.S. Department of Justice*
    *950 Pennsylvania Avenue NW*
    *Washington, DC 20530*
    *(202) 305-1754*

July 2024

## CERTIFICATE OF COMPLIANCE

This supplemental brief contains 1,780 words. It complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)-(6) because it was prepared using Microsoft Word 365 in Garamond 14-point font, a proportionally spaced typeface.

/s/ *Steven A. Myers*
Steven A. Myers

# CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2024, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

/s/ *Steven A. Myers*
Steven A. Myers