No. 24-5588

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

STATE OF TENNESSEE; COMMONWEALTH OF KENTUCKY; STATE OF OHIO; STATE OF INDIANA; COMMONWEALTH OF VIRGINIA; STATE OF WEST VIRGINIA,

*Plaintiffs-Appellees*

and

CHRISTIAN EDUCATORS ASSOCIATION INTERNATIONAL; A.C., by her next friend and mother Next Friend, Abigail Cross,

*Intervenors-Plaintiffs-Appellees*

v.

MIGUEL CARDONA, in his official capacity as Secretary of Education; U.S. DEPARTMENT OF EDUCATION,

*Defendants-Appellants.*

*On appeal from the United States District Court*
*for the Eastern District of Kentucky - No. 2:24-cv-00072*

---

## Supplemental Brief in Opposition to Motion for a Partial Stay

---

JONATHAN SKRMETTI
  *Tennessee Attorney General*
J. MATTHEW RICE
  *Solicitor General*
WHITNEY D. HERMANDORFER
  *Director of Strategic Litigation*
VIRGINIA N. ADAMSON
  *Strategic Litigation Counsel and*
  *Assistant Solicitor General*
OFFICE OF THE TENNESSEE
ATTORNEY GENERAL
 P.O. Box 20207
 Nashville, Tennessee 37202
 (615) 741-8726
 Whitney.Hermandorfer@ag.tn.gov

RUSSELL COLEMAN
  *Attorney General of Kentucky*
MATTHEW F. KUHN
  *Solicitor General*
OFFICE OF THE KENTUCKY ATTORNEY
GENERAL
 700 Capital Avenue, Suite 118
 Frankfort, Kentucky 40601
 (502) 696-5300
 Matt.Kuhn@ky.gov

 *Additional counsel listed in signature block*

# TABLE OF CONTENTS

INTRODUCTION ................................................................................1

ARGUMENT ....................................................................................3

I.  The Unlawful Provisions of § 106.10, § 106.31(a), and § 106.2 Affect Most of the Remaining Final Rule. ................................................3

    A.  Provisions intersecting with § 106.10, § 106.31(a), and § 106.2's definition of hostile-environment harassment.......................................4

    B.  Provisions unaffected by § 106.10, § 106.31(a), and § 106.2's definition of hostile-environment harassment....................................19

II.  The Few Unaffected Provisions Generally Involve Issues Covered by Preexisting Title IX Rules. ..........................................................23

CONCLUSION .................................................................................26

## INTRODUCTION

The States write in response to this Court's order requesting supplemental briefing regarding Defendants-Appellants' motion for a partial stay of the preliminary injunction pending appeal. *See* Order (July 11, 2024), Dkt. 35. That order asked the parties to address two questions. *First*, "what provisions of the Final Rule, if any, would be unaffected" should this Court decline to stay the injunction "as to § 106.10, § 106.31(a), § 106.2's definition of 'hostile environment harassment,' and any other provisions of the Final Rule that intersect with these sections." *Id.* at 1. *Second*, "[i]f any such provisions exist," the order asked whether any provision was not "already covered by pre-existing [Title IX] rules." *Id.*

The short answer is that § 106.10, § 106.31(a), and § 106.2's definition of hostile-environment harassment "intersect with" nearly all of what remains of the Final Rule. That is not a surprise. The core purpose of the Final Rule was to implement its expanded views of sex discrimination (§ 106.10 and § 106.31(a)) and harassment (§ 106.2) so that schools must police swaths of new conduct Title IX has never covered. To bring about this sea change, the Final Rule adds a host of new compliance obligations that schools and districts must follow—including modifying complaint-processing and grievance procedures, mandatory training requirements, recordkeeping duties, and much more. Educational officials' understanding of and

ability to carry out these requirements depends on their knowing what type of discrimination the Final Rule lawfully prohibits.

The Final Rule's invalid provisions in short "irreparably taint[]" the vast majority of the remaining requirements, definitions, and directives. Stay Op., R.117, PageID#2392. The States therefore reemphasize their position that the district court's entry of preliminary and geographically limited relief against the Final Rule did not abuse the district court's broad equitable discretion. Yet in response to this Court's order, the States—unlike Defendants, who reup their severability arguments and provide views that are "not intended to be exhaustive," Defs.' Supp. Br. 5—have endeavored to identify the relationship between *all* existing and proposed Title IX provisions, including those that would be unaffected by Defendants' attempted regulatory rewrite. The unaffected provisions generally comprise certain definitions and technical amendments. Nearly all relate to issues that existing Title IX rules address. It thus would not irreparably harm Defendants to maintain their existing regulations' protections for the limited duration of this case.

This Court should deny Defendants' motion for a partial stay. At a minimum, this Court should deny the motion with respect to § 106.10, § 106.31(a), § 106.2's definition of hostile-environment harassment, and all intersecting provisions identified below.

2

## ARGUMENT

**I.    The Unlawful Provisions of § 106.10, § 106.31(a), and § 106.2 Affect Most of the Remaining Final Rule.**

For reasons the district court explained, the unlawfulness of § 106.10, §106.31(a), and § 106.2's hostile-environment harassment provisions (the "Cited Provisions") pervade the Final Rule. *See* Stay Op., R.117, PageID#2391-98. The relationship between the Cited Provisions and other portions of the Final Rule is intentional. As the Final Rule puts it, "the purpose" of its amendments "is to better align the Title IX regulatory requirements with Title IX's nondiscrimination mandate." 89 Fed. Reg. 33,474, 33,474 (Apr. 24, 2024). To do so, the Final Rule's remaining provisions generally impose new obligations on schools to monitor, investigate, train employees about, and implement grievance procedures to address prohibited sex discrimination and harassment as newly defined. *See, e.g.*, 89 Fed. Reg. at 33,885-86, 33,888-95 (proposed §§ 106.8, .44-46). The scope of these provisions would be "unascertainable"—and any effort to apply them in practice "meaningless"—without knowing what sex discrimination and harassment entails. Stay Op., R.117, PageID#2393, 2396.

Attempting to implement Defendants' proposed partial stay would thus either result in "substantial disruption" and a "incoherent regulatory framework." *Id.*, PageID#2394, 2399. Or it would require an improper "judicial rewrite" to generate

3

a regime that would make sense. *Id.*, PageID#2393. Both paths lack support in APA or equitable principles. States' Opp'n, Dkt. 21, at 9-12, 18. And both paths would inflict irreparable harm on the States and schools by necessitating costly and confusing partial compliance exercises. Stay Op., R.117, PageID#2400-01, 2403-04. Defendants have not made a "strong" case that the district court erred on the merits, let alone offered arguments that can overcome the applicable abuse-of-discretion standard as to scope of relief. Dkt. 21, at 7-8.

Nonetheless, the States below have made their best attempt to identify each Final Rule provision that "intersect[s] with" "§ 106.10, § 106.31(a), [and] § 106.2's definition of 'hostile environment harassment.'" Dkt. 35, at 1. Then, the States identify the few remaining provisions that would be "unaffected" by the Cited Provisions. *Id.* Throughout, for this Court's convenience, the States have noted where provisions relate to issues "covered by pre-existing" rules within the now-operative version of the Title IX regulations, as codified at 34 C.F.R. part 106 (2023).

## A.    Provisions intersecting with § 106.10, § 106.31(a), and § 106.2's definition of hostile-environment harassment.

The below provisions of the Final Rule "intersect with" the Cited Provisions, principally because their requirements incorporate or require implementing

Defendants' unlawfully broad re-write of sex discrimination and hostile-environment harassment.[1]

### 1.    106.2: Definitions.

The following definitions listed in § 106.2 incorporate or implement the Cited Provisions' unlawful expansion of prohibited sex discrimination and hostile-environment harassment, and thus intersect with the Cited Provisions:

- *Complainant*.  On top of intersecting with the Cited Provisions' expansion of sex discrimination, this provision compounds the Final Rule's APA defects by broadly conferring protection on non-students and non-employees.  *See* PI Op., R.100, PageID#2070; *see also* 89 Fed. Reg. 33,846, 33,882.  The existing regulations provide a distinct definition of "complainant."  *See* 34 C.F.R. § 106.30(a) (2023).

- *Complaint*.  This definition incorporates "alleged discrimination under Title IX."  89 Fed. Reg. at 33,882.  The existing regulations distinguish between "complaints," which involve allegations of "any action that would be prohibited" by Title IX or the implementing regulations, and "formal complaints," which involve allegations of sexual harassment that initiate

---

[1] The States refer to the regulatory text and subheadings to be codified in 34 C.F.R part 106, which appear at 89 Fed. Reg. 33,882-33,896.

formal grievance procedures under 34 C.F.R. § 106.45 (2023).  *Compare id.* § 106.8(c) (discussing "complaints made by students, employees, or other individuals"), *with id.* § 106.30(a) (defining "formal complaint").

- *Confidential employee*.  The scope of confidential employees' duties depends on whether they are providing services "related to sex discrimination."  89 Fed. Reg. at 33,882-83.

- *Disciplinary sanctions.*  This definition incorporates "the recipient's prohibition on sex discrimination."  *Id.* at 33,883.  The existing regulations discuss disciplinary sanctions as a response to a finding of sexual harassment, as well as related to recipients' written disciplinary determinations and recordkeeping obligations.  *See* 34 C.F.R. § 106.44(a) (2023); *id.* § 106.45(b)(1)(i), (vi); *id.* § 106.45(b)(7)(ii)(E); *id.* § 106.45(b)(10)(i)(A).

- *Peer retaliation* and *retaliation*.  These definitions require assessing conduct relating to an individual's "right or privilege secured by Title IX or this part" or attempted participation in the Final Rule's new grievance and response procedures.  89 Fed. Reg. at 33,884; *see infra* pp. 14-17.  The existing regulations define "retaliation."  *See* 34 C.F.R. § 106.71 (2023).

- *Relevant.* This definition references "allegations of sex discrimination" and questions and evidence that "may aid" in showing "whether the alleged sex discrimination occurred." 89 Fed. Reg. at 33,884.

- *Remedies.* This definition references individuals who have had "their equal access to the recipient's education program or activity limited or denied by sex discrimination" as well as a determination "that sex discrimination occurred." *Id.* The existing regulations discuss the requirement to provide remedies to a complainant where a "determination of responsibility for sexual harassment has been made." *See* 34 C.F.R. § 106.45(b)(1)(i) (2023).

- *Respondent.* This definition incorporates "the recipient's prohibition on sex discrimination." 89 Fed. Reg. at 33,884. The existing regulations provide a distinct definition of "respondent." *See* 34 C.F.R. § 106.30(a) (2023).

- *Sex-based harassment*. This definition incorporates "[t]he bases described in § 106.10" and further contains the revised definition of "hostile environment harassment." 89 Fed. Reg. at 33,884. The existing regulations provide a definition of "sexual harassment" that incorporates (i) concepts of quid pro quo harassment, (ii) a narrower definition of hostile-

7

environment harassment, and (iii) sexual assault. *See* 34 C.F.R. § 106.30(a) (2023).

- *Supportive measures*. This definition requires assessing whether a complainant alleging sex discrimination should receive measures that "[r]estore or preserve" that party's "access" to a Title IX program. 89 Fed. Reg. at 33,885. This provision also incorporates the Final Rule's new grievance and response procedures that warrant injunction. *Id.* at 33,884; *see infra* pp. 14-17. The existing regulations define "supportive measures." *See* 34 C.F.R. § 106.30(a) (2023).

## 2. <u>106.6: Effect of other requirements and preservation of rights.</u>

Section 106.6(b) intersects with the Cited Provisions, as its preemption provisions would override state laws that conflict with the Cited Provisions' unlawful expansion of prohibited sex discrimination and hostile-environment harassment. *See* PI Op., R.100, PageID#2057. The existing regulations contain distinct preemption provisions. *See* 34 C.F.R. § 106.6(b), (h) (2023).

Section 106.6(g) intersects with the Cited Provisions because it incorporates the Cited Provisions' unlawful expansion of prohibited "sex discrimination" and hostile-environment harassment. The existing regulations contain distinct

provisions relating to the "exercise of rights by parents or guardians." *See* 34 C.F.R.

§ 106.6(g) (2023) (capitalization altered).

### 3.     106.8: Designation of coordinator; nondiscrimination policy; grievance procedures; notice of nondiscrimination; training; students with disabilities; recordkeeping.

Section 106.8 imposes new training, procedural, and recordkeeping require-

ments that implement or incorporate the Cited Provisions' unlawful expansion of

prohibited "sex discrimination" and hostile-environment harassment throughout,

and thus intersect with the Cited Provisions. *See, e.g.*, 89 Fed. Reg. at 33,885 (dis-

cussing § 106.8(b)(1), (c)) (must adopt and notify school community of policy stat-

ing "that the recipient does not discriminate on the basis of sex"); *id.* (discussing

§ 106.8(b)(2)) (must adopt grievance procedures addressing complaints about "any

action that would be prohibited by Title IX or this part"); *id.* at 33,885-86 (discussing

§ 106.8(d)) (must train "[a]ll employees" on "obligation to address sex discrimina-

tion" and "[t]he scope of conduct that constitutes sex discrimination … including the

definition of sex-based harassment"); *id.* at 33,886 (discussing § 106.8(f)) (must re-

tain records for seven years regarding "each notification the Title IX Coordinator

receives of information about conduct that reasonably may constitute sex discrimi-

nation").

The existing regulations contain distinct provisions relating to these issues. *See* 34 C.F.R. § 106.8(a) (designation of Title IX coordinator); *id.* § 106.8(b) (notice and dissemination of nondiscrimination policy and contact information of Title IX coordinator); *id.* § 106.8(c) (adoption and publication of procedures for the "prompt and equitable resolution of" all "student and employee complaints alleging any action that would be prohibited by this part); *id.* § 106.45(b)(iii) (requiring training for designated officials, including Title IX coordinators).

### 4.     106.10: Scope.

Section 106.10, which expands the meaning of "discrimination on the basis of sex," is one of the Cited Provisions and should be enjoined in its entirety.

### 5.     106.11: Application.

Section 106.11 intersects with the Cited Provisions because it incorporates the Cited Provisions' unlawful expansion of prohibited "sex discrimination" and hostile-environment harassment.  89 Fed. Reg. at 33,886. This section also increases the "chilling" speech harms and coverage of the hostile-environment harassment provision by expanding liability to certain conduct committed "outside the United States."

### 6.     106.21: Admissions.

Section 106.21 intersects with the Cited Provisions because, by repeatedly referencing "on the basis of sex," it incorporates the Cited Provisions' unlawful

10

expansion of prohibited "sex discrimination." *See, e.g.*, 89 Fed. Reg. at 33,886 (§ 106.21(a), (c)(2)(i)). Further, § 106.60(c)(2)(iii) states that a recipient may ask an applicant for admission to "self-identify their sex." *Id.* at 33,887. To the extent this provision's language incorporates concepts of gender identity rather than sex, it intersects with the Cited Provisions.

The existing regulations contain distinct provisions protecting against discrimination in admission on the basis of sex as well as "marital or parental status," including "on the basis of pregnancy" and related conditions. *See* 34 C.F.R. § 106.21 (2023). The existing regulations also contain a provision that permits a recipient to make a pre-employment inquiry "as to the sex" of an applicant for admission. *See* 34 C.F.R. § 106.21(c)(4) (2023).

### 7. 106.30 [Removed].

Section 106.30 in the existing regulations sets forth definitions for use in administering the existing regulations' prohibitions on sex discrimination and grievance procedures. This includes the existing definition of "sexual harassment," which encompasses hostile-environment harassment as defined by the 2020 Rule. The Final Rule would remove § 106.30 from the regulations as part of implementing the Final Rule's distinct definitional section and grievance procedures. *See* 89 Fed. Reg. at 33,887. Many of those definitions, *see supra* pp. 5-8 (discussion of § 106.2), and

11

the grievance procedures, *see infra* pp. 14-17 (discussion of § 106.44-46), either appear in or intersect with the Cited Provisions and thus should remain enjoined. It appears that the best course would thus be to likewise enjoin the Final Rule's removal of § 106.30 and allow the existing provisions of that section to remain in effect pending review.

### 8.    106.31: Education programs or activities.

Section 106.31(a) is one of the Cited Provisions and should be enjoined in its entirety. Defendants' stay motion does not contest the district court's preliminary injunction of § 106.31(a)(2). The existing version of § 106.31 addresses the non-discrimination duties of schools under Title IX. *See* 34 C.F.R. § 106.31 (2023).

### 9.    106.40: Parental, family, or marital status; pregnancy or related conditions.

Section 106.40 intersects with the Cited Provisions because, either explicitly or by repeatedly referencing "on the basis of sex" and the recipient's duty of "non-discrimination" and related notices, it incorporates the Cited Provisions' unlawful expansion of prohibited "sex discrimination." *See, e.g.*, 89 Fed. Reg. 33,887 (proposed §§ 106.40(a), (b)(2), (b)(3)(i)-(ii)). The existing version of § 106.40 addresses the non-discrimination duties of schools under Title IX with respect to marital, parental status, and "[p]regnancy and related conditions" of students and applicants. *See* 34 C.F.R. § 106.40 (2023).

12

The Final Rule's amendment of § 106.40 also provides for lactation spaces, *see* 89 Fed. Reg. 33,888 (proposed § 106.40(b)(3)(v)), which appears to intersect with § 106.10 for reasons the district court explained, *see* Stay Op., R.117, PageID#2390; *accord* Intervenors' Opp'n 12. The States are unaware of any Title IX regulations that mandate lactation spaces for students, though existing Department guidance recommends the provision of such spaces, *see* U.S. Dep't of Educ., Office for Civil Rights, *Supporting the Academic Success of Pregnant and Parenting Students* (June 2013), https://perma.cc/Q7VJ-MDFQ.

### 10.    106.44: Recipient's response to sex discrimination.

Section 106.44 imposes extensive new reporting, investigation, response, and procedural measures that recipients must follow to address complaints or knowledge of sex discrimination. The provisions of § 106.44 incorporate and implement the Cited Provisions' unlawful expansion of prohibited "sex discrimination" and hostile-environment harassment throughout, and thus intersect with the Cited Provisions. *See, e.g.*, § 106.44(a)(1) (obligations when recipient has "knowledge of conduct that reasonably may constitute sex discrimination"); *id.* § 106.44(c) (same whenever employee is "has information about conduct that reasonably may constitute sex discrimination under Title IX or this part"); *id.* § 106.44 (d), (e) (obligations that depend on whether certain employees receive information about "conduct that reasonably

13

may constitute sex discrimination under Title IX or this part"); *id.* § 106.44(f) (requirements for Title IX coordinators, including offering "supportive measures" and initiating grievance procedures, that turn in part on "scope of the alleged sex discrimination" and related evidence); *id.* § 106.44(h) (authorizing emergency removal of student based on "allegations of sex discrimination" in certain scenarios).

The existing regulations contain distinct provisions requiring that all recipients "adopt and publish grievance procedures" covering any student and employee complaints of alleged violations of Title IX or the implementing regulations.  34 C.F.R. § 106.8(c) (2023).  In addition, the existing regulations mandate recipients to follow outlined, formal procedures when in position of "actual knowledge of sexual harassment."  *Id.* § 106.44(a); *see id.* § 106.30 (defining "sexual harassment" and other procedural requirements).  The existing regulations also require each recipient to designate a Title IX coordinator with specialized responsibilities to implement Title IX procedures.  *See id.* § 106.8(a).

**11.    106.45: Grievance procedures for the prompt and equitable resolution of complaints of sex discrimination.**

Section 106.45 imposes detailed new grievance procedures "for the prompt and equitable resolution of complaints of sex discrimination" by all recipients.  The provisions of § 106.45 incorporate and implement the Cited Provisions' unlawful expansion of prohibited "sex discrimination" and hostile-environment harassment

throughout, and thus intersect with the Cited Provisions. *See, e.g.*, § 106.45(a)(2) (detailing who may make "complaint of sex discrimination"); *id.* § 106.45(b)(6) (require objective assessment of "all evidence that is relevant," defined as evidence "related to the allegations of sex discrimination"); *id.* § 106.45(c) (requiring sufficient notice of all allegations of "conduct alleged to constitute sex discrimination"); *id.* § 106.45(d)(iv) (requiring dismissal upon determination that alleged conduct "would not constitute sex discrimination" even if proven); *id.* § 106.45(f) (discussing obligations with respect to evidence "relevant to the allegations of sex discrimination"); *id.* § 106.45(h) (requiring determination about "whether sex discrimination occurred").

The existing regulations contain distinct provisions requiring that all recipients "adopt and publish grievance procedures" covering any student and employee complaints of alleged violations of Title IX or the implementing regulations. 34 C.F.R. § 106.8(c) (2023). In addition, the existing regulations mandate recipients to follow outlined, formal procedures to address allegations or knowledge of sexual harassment. *Id.* § 106.44-.45; *see id.* § 106.30 (defining "sexual harassment" and other procedural requirements).

12. **106.46: Grievance procedures for the prompt and equitable resolution of complaints of sex-based harassment involving student complainants or student respondents at postsecondary institutions.**

Section 106.46 imposes particular grievance procedures for resolution of "sex-based harassment" claims by or against students at postsecondary institutions. The Final Rule's definition of "sex-based harassment" includes § 106.2's unlawful expansion of hostile-environment harassment. *See* § 106.2. By mandating new procedures relating to the determination of complaints of sex-based harassment, the provisions of § 106.46 thus incorporate and implement § 106.2's unlawful expansion of hostile-environment harassment and intersect with the Cited Provisions. *See, e.g.*, § 106.46(a); *id.* § 106.46(c)(2) (investigation of "additional allegations of sex-based harassment"); *id.* § 106.46(d) (dismissal of complaint of "sex-based harassment"); *id.* § 106.46(e) (investigation of complaint and assessment of evidence "relevant to the allegations of sex-based harassment"); *id.* § 106.46(f)(ii)(3) (allowing decisionmaker to limit questions based on whether it is "relevant" to allegation of sex-based harassment); *id.* § 106.46(h)(1)(ii) (requiring written determination that includes "description of the alleged sex-based harassment").

The existing regulations contain distinct provisions requiring that all recipients "adopt and publish grievance procedures" covering any student and employee complaints of alleged violations of Title IX or the implementing regulations. 34

C.F.R. § 106.8(c) (2023). In addition, the existing regulations mandate recipients to follow outlined, formal procedures to address allegations or knowledge of sexual harassment. *Id.* §§ 106.44-.45; *see id.* § 106.30 (defining "sexual harassment" and other procedural requirements).

### 13. 106.47: Assistant Secretary review of sex-based harassment complaints.

This provision specifies that the Assistant Secretary will not deem a recipient to have violated Title IX or the implementing regulations "solely because the Assistant Secretary would have reached a different determination in a particular complaint alleging sex-based harassment under § 106.45, and if applicable § 106.46." *Id.* § 106.47. The Final Rule's definition of "sex-based harassment" includes § 106.2's unlawful expansion of hostile-environment harassment, so this provision intersects with the Cited Provisions.

### 14. 106.57: Parental, family, or marital status; pregnancy or related conditions.

Section 106.57(a) intersects with the Cited Provisions because by referencing "on the basis of sex," it incorporates the Cited Provisions' unlawful expansion of prohibited "sex discrimination." *E.g.*, § 106.57(a). The existing version of § 106.57 addresses the non-discrimination duties of schools under Title IX with respect to

marital, parental status, and "pregnancy or related conditions" as it relates to employment actions.  *See* 34 C.F.R. § 106.57 (2023).

Section 106.57(e) also provides for lactation spaces for employees, which appears to intersect with § 106.10 for reasons the district court explained, *see* Stay Op., R.117, PageID#2390.

### 15.    106.60(b): Pre-employment inquiries.

Section 106.60(b) states that a recipient may ask an employment applicant to "self-identify their sex."  To the extent this provision's language incorporates concepts of gender identity rather than sex, it intersects with the Cited Provisions.  The existing regulations contain a similar provision that permits a recipient to make a pre-employment inquiry "as to the sex" of an applicant.  *See* 34 C.F.R. § 106.60(b) (2023).

### 16.    106.71: Retaliation.

Section 106.71's prohibition on retaliation turns on whether conduct is undertaken "for the purpose of interfering with any right or privilege secured by Title IX or this part."  *See* 106.2 (defining "retaliation").  This provision thus intersects with the Cited Provisions' unlawful expansion of prohibited "sex discrimination" and hostile-environment harassment.  In addition, this provision incorporates by reference the Final Rule's distinct procedures for processing complaints and conducting

18

grievance proceedings. Those procedures in turn intersect with the Cited Provisions and thus should remain enjoined. *See supra* pp. 14-17. The existing regulations contain a provision that prohibits retaliation. *See* 34 C.F.R. § 106.71 (2023).

### B. Provisions unaffected by § 106.10, § 106.31(a), and § 106.2's definition of hostile-environment harassment.

The provisions of the Final Rule addressed next do not appear to intersect with the Cited Provisions of the Final Rule. Several make conforming changes, deletions, or other technical or non-substantive amendments. These are: **§ 106.3 [Amended]**; **§ 106.15** (amending existing § 106.15); **§ 106.16 [Removed]**; **§ 106.17 [Removed]**; **§ 106.18 [Redesignated as § 106.16]**; **§ 106.41 [Amended]** (removing existing § 106.41(d)); **§ 106.46 [Redesignated as 106.48]**; and **§ 106.51 [Employment]** (amending existing § 106.51(b)(6)).

The below substantive provisions also do not intersect with or appear to otherwise be affected by the Cited Provisions.

### 1.  <u>106.1: Purpose.</u>

This precatory provision carries forward the existing regulations' general statement of purpose and does not appear to intersect with the Cited Provisions. The existing regulations contain a similar statement of purpose. *See* 34 C.F.R. § 106.1 (2023).

### 2.   106.2: Definitions.

The following definitions listed in § 106.2 carry forward existing definitions or otherwise do not appear to be affected by the Cited Provisions, *see* 89 Fed. Reg. at 33,882-885.  The parenthetical information notes if the existing regulations contain a similar definition and provides a citation.

- *Administrative law judge* (for current definition, *see* 34 C.F.R. § 106.2(f) (2023)).

- *Administratively separate unit* (for current definition, *see id.* § 106.2(p)).

- *Admission* (for current definition, *see id.* § 106.2(q)).

- *Applicant* (for current definition, *see id.* § 106.2(j)).

- *Assistant Secretary* (for current definition, *see id.* § 106.2(d)).

- *Department* (for current definition, *see id.* § 106.2(b)).

- *Educational institution* (for current definition, *see id.* § 106.2(k)).

- *Elementary school* ("elementary and secondary school" currently defined at *id.* § 106.30(b)).

- *Federal financial assistance* (for current definition, *see id.* § 106.2(g)).

- *Institution of graduate higher education* (for current definition, *see id.* § 106.2(l)).

- *Institution of professional education* (for current definition, *see id.* § 106.2(n)).

- *Institution of undergraduate higher education* (for current definition, *see id.* § 106.2(m)).

- *Institution of vocational education* (for current definition, *see id.* § 106.2(o)).

- *Parental status.*

- *Party.*

- *Postsecondary institution* (for current definition, *see id.* § 106.30(b)).

- *Pregnancy or related conditions.*

- *Program or activity* and *program* (for current definition, *see id.* § 106.2(h)).

- *Recipient* (for current definition, *see id.* § 106.2(i)).

- *Reviewing authority* (for current definition, *see id.* § 106.2(e)).

- *Secondary school* ("elementary and secondary school" currently defined at *id.* § 106.30(b)).

- *Secretary* (for current definition, *see id.* § 106.2(c)).

- *Student* (for current definition, *see id.* § 106.2(r)).

- *Student with a disability.*

21

- *Title IX* (for current definition, *see id.* § 106.2(a)).

### 3.    106.6: Effect of other requirements and preservation of rights.

Section 106.6(e), which relates to the interaction between Title IX and other educational privacy statutes, does not appear to be affected by the Cited Provisions. The existing regulations contain a similar provision. *See* 34 C.F.R. § 106.6(e) (2023).

### 4.    106.57: Parental, family, or marital status; pregnancy or related conditions.

Section § 106.57(b)-(d) specifies particular duties and related provisions recipients must follow regarding "pregnancy or related conditions" in "any employee or applicant for employment." These provisions do not appear to be affected by the Cited Provisions.

The existing version of § 106.57 addresses the non-discrimination duties of schools under Title IX with respect to marital status, parental status, and "pregnancy or related conditions" in the sphere of employment actions. *See* 34 C.F.R. § 106.57 (2023). To the States' knowledge, no existing Title IX regulations otherwise address pregnancy and lactation-related accommodations for educational employees. Other federal laws, however, protect current and prospective educational employees against pregnancy, marital-status, and family-status discrimination. *See, e.g.*, 42

U.S.C. § 2000e(k) (Title VII); 29 U.S.C. § 2601 *et seq.* (Family and Medical Leave Act), or require workplace accommodations for limitations relating to pregnancy, childbirth, or related medical conditions, *see, e.g.*, U.S. Dep't of Labor, *Frequently Asked Questions—Pumping Breast Milk at Work*, https://perma.cc/Y26G-X4PV (discussing Providing Urgent Maternal Protections for Nursing Mothers (PUMP) Act, 29 U.S.C. § 218d); Pregnant Workers Fairness Act, 42 U.S.C. § 2000gg *et seq.*

### 5.    106.81: Procedures.

The amendment to existing § 106.81 contained in this provision does not appear to be affected by the Cited Provisions. The existing regulations contain a similar provision. *See* 34 C.F.R. § 106.81 (2023). Should this Court determine to maintain existing 34 C.F.R. § 106.30, however, *see supra* p. 11, the third sentence of existing 34 C.F.R. § 106.81 likewise should be maintained.

## II.    The Few Unaffected Provisions Generally Involve Issues Covered by Preexisting Title IX Rules.

To prevail here, Defendants must show they "will be irreparably harmed in the absence of a stay." States' Opp'n 20-21 (citation omitted). As the States argued, it would not cause Defendants irreparable harm to require them to follow the preexisting Title IX rules while this case proceeds. States' Opp'n 22.

Comparison of the Final Rule to the existing Title IX regulations demonstrates that most of the Final Rule's regulations—outside the Cited Provisions, *see*

§ 106.10, § 106.31(a), and § 106.2's definition of hostile-environment harassment—comprise provisions that are "already covered by pre-existing rules issued by the agency under Title IX." Dkt. 35, at 1. In the prior section, the States have noted instances where the Final Rule's regulations, including those that "intersect with" the Cited Provisions, address areas that the existing Title IX rules already cover (many because of recent amendments in the 2020 Rule). Nearly all of the Final Rule's new regulations—including those addressing nondiscrimination notices, grievance and complaint-processing procedures, formal disciplinary processes, and protections based on pregnancy, marital, or familial status—relate to issues on which existing Title IX rules provide coverage. Though Defendants' Final Rule alters their regulatory approach, *see* Defs.' Supp. Br. 5, Defendants have not shown they would suffer irreparable harm by maintaining existing protections for the limited time it takes to resolve this case—let alone to a degree sufficient to outweigh the States' demonstrated injuries.

In addressing question two of the order, the States focus below on the few Final Rule regulations "unaffected" by the Cited Provisions. Dkt. 35, at 1. Below are the instances when, to the best of the States' knowledge, such regulations "are not already covered by pre-existing rules." *Id.*

24

### 1.    <u>106.2: Definitions.</u>

The following definitional provisions of § 106.2 do not appear to be defined in the current Title IX regulations:

- *Parental status.*

- *Party.*

- *Pregnancy or related conditions.*

- *Student with a disability.*

Many of these definitions relate to terms and concepts that the existing regulations reference and discuss without providing a formal definition.  *E.g.*, 34 C.F.R. §§ 106.6(g), 106.45 (2023) ("party"); *id.* § 106.40(a)-(b) ("parental status" and "[p]regnancy and related conditions").

### 2.  <u>Other technical and conforming amendments.</u>

The Final Rule effectuates several technical or conforming amendments that do not intersect with the Cited Provisions.  These appear at: **§ 106.3 [Amended]**; **§ 106.15** (amending existing § 106.15); **§ 106.16 [Removed]**; **§ 106.17 [Removed]**; **§ 106.18 [Redesignated as § 106.16]**; **§ 106.41 [Amended]** (removing existing § 106.41(d)); **§ 106.46 [Redesignated as 106.48]**; and **§ 106.51 [Employment]** (amending existing § 106.51(b)(6)).

## CONCLUSION

For the above reasons, this Court should deny Defendants' motion for a partial stay of the district court's preliminary relief.  At a minimum, the Court should deny the motion with respect to § 106.10, § 106.31(a), § 106.2's definition of "hostile environment harassment," and all intersecting provisions identified above.  If the Court takes that route, it would partially stay the preliminary injunction with respect to (1) § 106.1; (2) the § 106.2 definitions specified *supra* at pp. 20-22; (3) § 106.6; (4) § 106.57(b)-(d); (5) § 106.81; and (6) the conforming amendments and removals contained in § 106.3, § 106.15, § 106.16, § 106.17, § 106.18, § 106.41, § 106.46, and § 106.51.  If the Court instead limited any partial stay to only those unaffected provisions for which there are no existing Title IX rules, it would partially stay the preliminary injunction with respect to (1) the definitions of "parental status," "party," "pregnancy or related conditions," and "student with a disability" in § 106.2; and (2) the conforming amendments and removals contained in § 106.3, § 106.15, § 106.16, § 106.17, § 106.18, § 106.41, § 106.46, and § 106.51.

Dated: July 15, 2024

Respectfully submitted,

JONATHAN SKRMETTI
   Attorney General and Reporter

RUSSELL COLEMAN
   Attorney General

*/s/ Whitney D. Hermandorfer*
J. MATTHEW RICE
   Solicitor General
WHITNEY D. HERMANDORFER
   Director of Strategic Litigation
VIRGINIA N. ADAMSON
   Counsel for Strategic Litigation &
   Assistant Solicitor General
OFFICE OF THE TENNESSEE
ATTORNEY GENERAL
P.O. Box 20207
Nashville, Tennessee 37202
(615) 741-3491
whitney.hermandorfer@ag.tn.gov

*/s/ Matthew F. Kuhn*
MATTHEW F. KUHN
   Solicitor General
KENTUCKY OFFICE OF THE
ATTORNEY GENERAL
700 Capital Avenue, Suite 118
Frankfort, Kentucky 40601
(502) 696-5300
matt.kuhn@ky.gov

*Counsel for the Commonwealth of Kentucky*

*Counsel for the State of Tennessee*

THEODORE E. ROKITA
   Attorney General

DAVE YOST
   Attorney General

*/s/ James A. Barta*
JAMES A. BARTA
   Solicitor General
CORRINE L. YOUNGS
   Policy Director and Legislative
Counsel
JOSHUA DAVID
   Deputy Attorney General - Policy
INDIANA ATTORNEY GENERAL'S
OFFICE
IGCS – 5th Floor
302 W. Washington St.

*/s/ T. Elliot Gaiser*
T. ELLIOT GAISER
   Solicitor General
MATHURA SRIDHARAN
   Deputy Solicitor General
OFFICE OF THE OHIO
ATTORNEY GENERAL
30 East Broad Street, 17th Floor
Columbus, Ohio 43215
(614) 466-8980
thomas.gaiser@ohioago.gov

27

Indianapolis, IN 46204
(317) 232-0709
james.barta@atg.in.gov

*Counsel for the State of Ohio*

*Counsel for the State of Indiana*

JASON S. MIYARES
  Attorney General

PATRICK MORRISEY
  Attorney General

*/s/ Kevin M. Gallagher*
KEVIN M. GALLAGHER
  Principal Deputy Solicitor General
BRENDAN T. CHESTNUT
  Deputy Solicitor General
VIRGINIA ATTORNEY GENERAL'S
OFFICE
202 North 9th Street
Richmond, Virginia 23219
(804) 786-2071
kgallagher@oag.state.va.us

*/s/ Michael R. Williams*
MICHAEL R. WILLIAMS
  Solicitor General
OFFICE OF THE WEST VIRGINIA
ATTORNEY GENERAL
State Capitol, Bldg. 1, Room E-26
1900 Kanawha Blvd. E.
Charleston, West Virginia 25305
304-558-2021
michael.r.williams@wvago.gov

*Counsel for the State of West Virginia*

*Counsel for the Commonwealth of Virginia*

28

## CERTIFICATE OF COMPLIANCE

This motion response complies with the Court's type-volume limitations because it contains 4,834 words, excluding portions omitted from the Court's required word count.  This motion response complies with the Court's typeface requirements because it has been prepared in Microsoft Word using fourteen-point Times New Roman font.

*/s/Whitney D. Hermandorfer*
Whitney D. Hermandorfer

## CERTIFICATE OF SERVICE

On July 15, 2024, I filed an electronic copy of this motion response with the Clerk of the Sixth Circuit using the CM/ECF system. That system sends a Notice of Docket Activity to all registered attorneys in this case. Under Sixth Circuit Rule 25(f)(1)(A), "[t]his constitutes service on them and no other service is necessary."

*/s/Whitney D. Hermandorfer*
Whitney D. Hermandorfer