No. 24-5588

---

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

---

MIGUEL CARDONA, in his official capacity as Secretary of Education; and UNITED STATES DEPARTMENT OF EDUCATION,

*Defendants-Appellants*,

v.

STATE OF TENNESSEE; COMMONWEALTH OF KENTUCKY; STATE OF OHIO; STATE OF INDIANA; COMMONWEALTH OF VIRGINIA; and STATE OF WEST VIRGINIA,

*Plaintiffs-Appellees*,

and

CHRISTIAN EDUCATORS ASSOCIATION INTERNATIONAL; A.C., by her next friend and mother, Abigail Cross,

*Intervenors-Plaintiffs-Appellees*.

---

On Appeal from the United States District Court
for the Eastern District of Kentucky
Case No. 2:24-cv-00072-DCR-CJS

---

## INTERVENORS-APPELLEES' SUPPLEMENTAL BRIEF

---

James A. Campbell
John J. Bursch
ALLIANCE DEFENDING FREEDOM
440 First Street NW, Suite 600
Washington, DC 20001
(616) 450-4235
jbursch@ADFlegal.org
jcampbell@ADFlegal.org

Jonathan A. Scruggs
Jacob P. Warner
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
(480) 444-0020
jscruggs@ADFlegal.org
jwarner@ADFlegal.org

*Counsel for Intervenors-Appellees*

# TABLE OF CONTENTS

Table of Authorities..................................................................ii

Introduction..........................................................................1

Argument.............................................................................2

I.    The Department has not shown the rule is severable....................2

II.   This Court should retain the current injunction regardless...........3

      A.    This Court should not try to rewrite a better rule. ...............3

      B.    The Court should retain the current injunction....................4

III.  At minimum, this Court should broadly deny the
      Department's motion to stay...........................................5

Conclusion ..........................................................................5

Certificate of Compliance .........................................................6

Certificate of Service .............................................................7

# TABLE OF AUTHORITIES

## **Cases**

*Aptheker v. Secretary of State*,
    378 U.S. 500 (1964) ........................................................................4

*Ayotte v. Planned Parenthood of Northern New England*,
    546 U.S. 320 (2006) ........................................................................4

*Dakotans for Health v. Noem*,
    52 F.4th 381 (8th Cir. 2022) ............................................................3

*Doster v. Kendall*,
    48 F.4th 608 (6th Cir. 2022) ............................................................2

*East Bay Sanctuary Covenant v. Biden*,
    993 F.3d 640 (9th Cir. 2021) ...........................................................2

*Estate of Barney v. PNC Bank, National Association*,
    714 F.3d 920 (6th Cir. 2013) ...........................................................3

*Harmon v. Thornburgh*,
    878 F.2d 484 (D.C. Cir. 1989)..........................................................4

*Swanigan v. FCA US LLC*,
    938 F.3d 779 (6th Cir. 2019) ...........................................................3

*United States v. National Treasury Employees Union*,
    513 U.S. 454 (1995) ........................................................................4

*University of Texas v. Camenisch*,
    451 U.S. 390 (1981) ........................................................................3

*Washington v. Trump*,
    847 F.3d 1151 (9th Cir. 2017) ..................................................2, 4, 5

*Whole Woman's Health v. Hellerstedt*,
    579 U.S. 582 (2016) ........................................................................4

# INTRODUCTION

The Department must prove the requested stay is justified, which includes showing the rule is severable. The Department has had multiple chances to do so, both in the district court and again on appeal. But it has not carried this burden. The Department has not shown a workable alternative that remedies the rule's harm yet allows it to partially apply. Lacking such clarity, the district court stayed and enjoined the entire rule—and for good reason. The rule is interconnected. The challenged provisions substantially inform and pervade the rule's other provisions.

At this stage of the case, the district court's stay and injunction correctly preserves the status quo until a trial on the merits can be held. No matter whether the current injunction is overbroad (it isn't), this Court should not try to rewrite a better rule. That is executive work. Doing this would exceed judicial power and impose heavy costs on both courts and litigants whenever a single application of a law might be valid. That work is better left for the Department after this Court clarifies the law. The Department has forfeited its severability argument in any event.

Nor should this Court modify the current injunction consistent with text in its supplemental briefing order—enjoining the rule "as to § 106.10, § 106.31(a), § 106.2's definition of hostile environment harassment, and any other provisions of the [rule] that intersect with these sections." That alternative is too vague, and by narrowing the injunction in a piecemeal

fashion, the Court would create confusion and administrative headaches. Schools need clarity. The current injunction provides it.

This Court should keep the status quo. That's what preliminary injunctions are for. The Department's motion should be denied.

## ARGUMENT

The Department must prove the requested stay is justified. *Doster v. Kendall*, 48 F.4th 608, 612 (6th Cir. 2022). This includes proving the rule is severable. *E.g. E. Bay Sanctuary Covenant v. Biden*, 993 F.3d 640, 680–81 (9th Cir. 2021). The Department has failed to carry this burden—both in the district court and again on appeal. More briefing is unnecessary. This Court should retain the current injunction.

## I.    The Department has not shown the rule is severable.

The new rule is interconnected. The Department has had multiple chances below and on appeal to prove the rule is severable. But it has failed to show the problems of the challenged provisions do not substantially pervade the rule. Intervenors-Appellees' Resp. in Opp. to Emergency Mot. for Stay (Resp.) 10–17. It has not proven a "workable alternative … that accounts for the [rule's] harm" yet allows it to partially apply. *E. Bay Sanctuary Covenant*, 993 F.3d at 680–81 (cleaned up); *see Washington v. Trump*, 847 F.3d 1151, 1167 (9th Cir. 2017) (per curiam). That sinks the Department's motion. Because the Department has not "developed arguments" proving the rule is "severable," this Court should not

second-guess "the scope of the preliminary injunction." *Dakotans for Health v. Noem*, 52 F.4th 381, 393 (8th Cir. 2022).

The Department has also forfeited this point. This Court should review the case presented below—not "a better case" developed after "a district court's unfavorable order." *Swanigan v. FCA US LLC*, 938 F.3d 779, 788 (6th Cir. 2019) (quoting *Estate of Barney v. PNC Bank, Nat'l Ass'n*, 714 F.3d 920, 925 (6th Cir. 2013)). Had the Department accepted that certain provisions of the new rule should be preliminarily enjoined, as it has on appeal, then it could have sufficiently addressed severability below. It didn't. *See* Resp. 17–18. This Court should not "grade the district court on a test it never took." *Swanigan*, 938 F.3d at 789. What's more, because the Department did not prove the new rule was severable in principal briefing, the plaintiffs cannot fairly respond to new arguments submitted today. This Court should retain the current injunction.

## II. This Court should retain the current injunction regardless.

A preliminary injunction "merely" preserves the status quo until "a trial on the merits can be held." *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). The current injunction does that. This Court should not try to rewrite a better rule or modify an already clear injunction.

### A. This Court should not try to rewrite a better rule.

No matter whether the current injunction is "overbroad in some respects" (it isn't), this Court should not "try … to rewrite" a better rule,

*Trump*, 847 F.3d at 1167, even with agency help, *Harmon v. Thornburgh*, 878 F.2d 484, 494 (D.C. Cir. 1989). *See United States v. Nat'l Treasury Emps. Union*, 513 U.S. 454, 479 (1995) (declining to rewrite a statute to eliminate constitutional defects); *cf. Aptheker v. Sec'y of State*, 378 U.S. 500, 516 (1964) (invalidating a restriction on freedom of travel despite the existence of constitutional applications). This is quintessential executive work. *Cf. Ayotte v. Planned Parenthood of N. New Eng.*, 546 U.S. 320, 329 (2006). Federal courts should avoid this because it "would inflict enormous costs on both courts and litigants … whenever a single application of a law might be valid." *Whole Woman's Health v. Hellerstedt*, 579 U.S. 582, 625 (2016), *as revised* (June 27, 2016).

**B.    The Court should retain the current injunction.**

The district court stayed and enjoined the entire rule. App. in Supp. of Intervenor-Appellees' Resp. to Mot. to Stay (App.) 93. It correctly held that the challenged provisions "permeate[ ]" the rule's other provisions. App.90. This Court should not modify the injunction per the text in its supplemental briefing order—enjoining the rule "as to § 106.10, § 106.31(a), § 106.2's definition of hostile environment harassment, and any other provisions of the [rule] that intersect with these sections." That alternative language is too vague, and by narrowing the injunction in a piecemeal way, it will create confusion and administrative headaches when clarity is needed. The current injunction provides that. "For now,

it is enough" to preserve the status quo pending review. *Trump*, 847 F.3d at 1167.

## III.  At minimum, this Court should keep most of the district court's injunction in place.

To the extent the Court is inclined to grant part of the Department's motion and narrow the injunction, Intervenors-Appellees join the arguments that the States have raised in their July 15, 2024, filing.

## CONCLUSION

The district court got it right. This Court should preserve the status quo and deny the Department's motion for stay.

Dated: July 15, 2024

Respectfully submitted,

*s/John J. Bursch*

| | |
|---|---|
| Jonathan A. Scruggs | John J. Bursch |
| Jacob P. Warner | James A. Campbell |
| ALLIANCE DEFENDING FREEDOM | ALLIANCE DEFENDING FREEDOM |
| 15100 N. 90th Street | 440 First Street NW, Suite 600 |
| Scottsdale, AZ 85260 | Washington, DC 20001 |
| (480) 444-0020 | (616) 450-4235 |
| jscruggs@ADFlegal.org | jbursch@ADFlegal.org |
| jwarner@ADFlegal.org | jcampbell@ADFlegal.org |

*Counsel for Intervenors-Appellees*

## CERTIFICATE OF COMPLIANCE

This response complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because it contains 1,060 words, excluding parts exempted by Fed. R. App. P. 32(f) and 6 Cir. R. 32(b).

This response complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in Word 365 using a proportionally spaced typeface, 14-point Century Schoolbook.

Dated: July 15, 2024

*s/John J. Bursch*
John J. Bursch
*Counsel for Intervenors-Appellees*

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2024 I electronically filed the foregoing response with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

*s/John J. Bursch*
John J. Bursch
*Counsel for Intervenors-Appellees*