

ALLIANCE DEFENDING
FREEDOM
FOR FAITH. FOR JUSTICE.

November 6, 2024

**VIA CM/ECF**

Ms. Kelly L. Stephens
Clerk, Sixth Circuit Court of Appeals
540 Potter Stewart U.S. Courthouse
100 E. Fifth St.
Cincinnati, OH 45202

> Re:    Supplemental Authority, *Tennessee v. Cardona*, No. 24-5588

Dear Ms. Stephens:

Intervenors A.C. and Christan Educators submit this notice of supplemental authority under Fed. R. Civ. P. 28(j), that this Court has vacated its opinion in *Parents Defending Education v. Olentangy Local School District Board of Education*, 109 F.4th 453 (6th Cir. 2024) (*PDE*), and will rehear the matter en banc. Ex. A. The U.S. Department of Education cited *PDE* to support its new rule expanding Title IX's definition of hostile-environment harassment beyond the standard set in *Davis ex rel. LaShonda D. v. Monroe County Board of Education*, 526 U.S. 629 (1999). Specifically, the Department said *PDE* showed that school policies prohibiting the "intentional use of non-preferred pronouns" are not overbroad and do not "unconstitutionally compel speech." Opening Br. 36 (cleaned up); *see id.* at 40.

*PDE* did not support the Department's new harassment rule. For one, the Department has not proven the new rule is necessary to prevent substantially disruptive speech. Two, it regulates speech more broadly than the policy in *PDE*, both by coercing inaccurate pronouns and by restricting protected speech on gender identity, barring statements like "sex is binary," and "males should not compete in women's sports." *See* Br. of Intervenors 40–50; *Alabama v. U.S. Sec'y of Educ.*, No. 24-12444, 2024 WL 3981994, at *5–6 (11th Cir. Aug. 22, 2024). And three, it covers speech by students and teachers, inside and outside class, online, and around the world. The scope of the new rule far exceeds both the policy in *PDE* and the *Davis* baseline.

*PDE* was also wrongly decided. It erred procedurally, requiring the plaintiffs to prove their desired speech was nondisruptive when the *school* bore the burden to show that plaintiffs' speech was substantially disruptive. *PDE* also failed substan-

tively, coercing students to speak inaccurate pronouns—speech that conveys "a powerful message" on a matter of public concern. *Meriwether v. Hartop*, 992 F.3d 492, 508 (6th Cir. 2021); *see PDE*, 109 F.4th at 474–95 (Batchelder, J., dissenting).

Because *PDE* is vacated, the Department's reliance on it is misplaced. This Court should reaffirm that *Davis* set the baseline for Title IX harassment.

Sincerely,

s/ Jacob P. Warner
Jacob P. Warner
ALLIANCE DEFENDING FREEDOM
15100 N. 90th St.
Scottsdale, AZ 85260
Tel. (480) 444-0020
jwarner@adflegal.org

*Attorney for Intervenors-Appellees*

**CERTIFICATE OF SERVICE**

I certify that on November 6, 2024, I electronically filed the foregoing with the

Clerk of the Court for the United States Court of Appeals for the Sixth Circuit by

using the CM/ECF system. I certify that all participants in the case are registered

CM/ECF users and that service will be accomplished by the CM/ECF system.


s/ Jacob Warner
Jacob Warner
*Attorney for Intervenors-Appellees*

# EXHIBIT A

RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 24a0247p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

PARENTS DEFENDING EDUCATION,

*Plaintiff-Appellant*,

*v.*

No. 23-3630

OLENTANGY LOCAL SCHOOL DISTRICT BOARD OF EDUCATION; MARK T. RAIFF, in his official capacity as Superintendent of Olentangy Local School District; PETER STERN, in his official capacity as Olentangy's Assistant Director of Equity and Inclusion; RANDY WRIGHT, in his official capacity as Olentangy's Chief of Administrative Services; KEVIN DABERKOW, in his official capacity as a member of the Olentangy Board of Education; BRANDON LESTER, in his official capacity as a member of the Olentangy Board of Education; KEVIN O'BRIEN, in his official capacity as a member of the Olentangy Board of Education; LIBBY WALLICK, in her official capacity as a member of the Olentangy Board of Education; LAKESHA WYSE, in her official capacity as a member of the Olentangy Board of Education,

*Defendants-Appellees*.

───────────────

On Petition for Rehearing En Banc.

United States District Court for the Southern District of Ohio at Columbus.
No. 2:23-cv-01595—Algenon L. Marbley, District Judge.

Decided and Filed:  November 1, 2024

Before:  SUTTON, Chief Judge; MOORE, CLAY, GRIFFIN, KETHLEDGE, STRANCH, THAPAR, BUSH, LARSEN, NALBANDIAN, READLER, MURPHY, DAVIS, MATHIS, BLOOMEKATZ, and RITZ, Circuit Judges.

No. 23-3630          *Parents Defending Educ. v. Olentangy*          Page 2
                      *Local Sch. Dist. Bd. of Educ.*

———————————

**COUNSEL**

**ON PETITION FOR REHEARING EN BANC and REPLY:**  J. Michael Connolly, Cameron T. Norris, Thomas S. Vaseliou, CONSOVOY MCCARTHY PLLC, Arlington, Virginia, for Appellant.  **ON RESPONSE:**  Bartholomew T. Freeze, Genevieve M. Hoffman, FREUND, FREEZE & ARNOLD, Columbus, Ohio, Jessica K. Philemond, Sandra R. McIntosh, Mitchell L. Stith, SCOTT SCRIVEN LLP, Columbus, Ohio, for Appellees.  **ON BRIEF:**  Joseph D. Spate, OFFICE OF THE ATTORNEY GENERAL OF SOUTH CAROLINA, Columbia, South Carolina, John J. Bursch, ALLIANCE DEFENDING FREEDOM, Washington, D.C., Tyson C. Langhofer, Mathew W. Hoffmann, ALLIANCE DEFENDING FREEDOM, Lansdowne, Virginia, Ilya Shapiro, MANHATTAN INSTITUTE, New York, New York, Kayla A. Toney, FIRST LIBERTY INSTITUTE, Washington, D.C., Adam E. Schulman, HAMILTON LINCOLN LAW INSTITUTE, Washington, D.C., Brett R. Nolan, INSTITUTE FOR FREE SPEECH, Washington, D.C., Talmadge Butts, FOUNDATION FOR MORAL LAW, Gallant, Alabama, for Amici Curiae.

———————————

**ORDER**

———————————

A majority of the Judges of this Court in regular active service has voted for rehearing en banc of this case.  Under Sixth Circuit Rule 35(b), "[a] decision to grant rehearing en banc vacates the previous opinion and judgment of the court, stays the mandate, and restores the case on the docket as a pending appeal."

Accordingly, it is ORDERED that the previous decision and judgment of this court are vacated, the mandate is stayed, and this case is restored to the docket as a pending appeal.

The Clerk will direct the parties to file supplemental briefs and will schedule this case for oral argument as soon as possible.

                              ENTERED BY ORDER OF THE COURT

                              *Kelly L. Stephens*

                              ————————————————
                              Kelly L. Stephens, Clerk