

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW
Washington, DC 20530

Tel: (202) 514-1673

March 11, 2025

VIA CM/ECF

Kelly L. Stephens, Clerk of Court
U.S. Court of Appeals for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 East Fifth Street
Cincinnati, Ohio 45202

      RE:   *State of Tennessee, et al. v. McMahon, et al.*, No. 24-5588 (argued Oct. 30, 2024)[1]

Dear Ms. Stephens:

     We write pursuant to Federal Rule of Appellate Procedure 28(j) to inform the Court that on January 9, 2025, the district court issued an order entering final judgment in this matter. *See* Order, *State of Tennessee v. McMahon*, No. 2:24-cv-72 (Jan. 9, 2025), ECF No. 144. The entry of final judgment moots this appeal.

     This litigation concerns the Department of Education's 2024 rule implementing Title IX of the Education Amendments of 1972. *See* 89 Fed. Reg. 33,474 (2024). In June 2024, the district court entered a preliminary injunction barring enforcement of the rule within the plaintiff states. *See Tennessee v. Cardona*, 737 F. Supp. 3d 510 (E.D. Ky. 2024). The federal defendants filed this appeal, which was argued before a panel of this Court on October 30, 2024. During the pendency of this appeal, the district court entered final judgment on plaintiffs' claims. The time to file a notice of appeal from the district court's entry of final judgment expired on March 10, 2025, *see* Fed. R. App. P. 4(a)(1)(B); the federal defendants declined to seek further review of the district court's judgment.

---

     [1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Secretary of Education Linda McMahon has been substituted for Miguel Cardona as defendant-appellant.

The entry of final judgment moots this appeal from the district court's preliminary injunction order. It is well established that "[a] case may become moot on appeal if an intervening event makes it impossible for a court of appeals to grant any effectual relief." *Adams v. Baker*, 951 F.3d 428, 429 (6th Cir. 2020) (per curiam) (quotation marks omitted). Because "[t]he point of a preliminary injunction is to maintain the status quo until the resolution of the case on its merits," "[a] final decision on the merits … extinguishes a preliminary injunction," as "no status quo remains for [the Court] to maintain." *Id.* (quotation marks omitted). The entry of final judgment here thus extinguishes the court's preliminary injunction order and renders this appeal from that order moot. *See id.*; *see also Koppula v. Jaddou*, 72 F.4th 83, 84 (5th Cir. 2023) (similar). This appeal therefore should be dismissed as moot.

              Sincerely,

              s/ *David L. Peters*
              David L. Peters
              U.S. Department of Justice
              Appellate Staff, Civil Division

cc (via CM/ECF): Counsel of Record